In the District Court of the United States
For the District of South Carolina
BEAUFORT DIVISION

| | |
|---|---|
| Kevin Howard, #28836-180,  )<br>  )<br>Plaintiff,  )<br>  )<br>vs.  )<br>  )<br>Warden M. Pettiford,  )<br>Lt. Shawnce, NFN Miller,  )<br>Dr. Rince, NFN Barrous,  )<br>and D. Bowens,  )<br>  )<br>Defendants.  )<br>_____) | Civil Action No. 9:07-0887-RBH-GCK<br><br>**REPORT AND RECOMMENDATION<br>OF THE MAGISTRATE JUDGE** |

## I. INTRODUCTION

The Plaintiff, Kevin Howard ("Plaintiff"), is a federal prisoner who is incarcerated in the Federal Correctional Institution ("FCI") Bennettsville, South Carolina. He has filed this *pro se* action against the above-named defendants, Michael Pettiford, Warden of FCI Bennettsville; Donulus Schantz, Special Investigative Support Lieutenant; Leonard Miller, Lieutenant; David Reince, Drug Abuse Program Coordinator; Luis Berrios, M.D., Clinical Director; and Denise Bowling, Captain (collectively, the "Defendants"). The Plaintiff alleges that the Defendants denied him due process of law and violated his First, Fifth, Eighth, and Fourteenth Amendment rights when he was placed in the FCI Bennettsville Special Housing Unit ("SHU") following his alleged involvement in a food strike. The Plaintiff claims he was confined to the SHU for over three months without being afforded proper due process. The Plaintiff also alleges that he has been denied the opportunity to see a psychiatrist and that his legal mail has been improperly handled by prison staff. [21; 36]

The Plaintiff seeks to have the court: (1) grant a judgment against the Warden in the amount of 3.5 million dollars; (2) issue an order declaring that any action causing the Plaintiff

fear and mental injury be seen as damage in the amount of $3,000 for each day suffered and would suffer as retaliation; (3) issue an order declaring that the Plaintiff is to be given peace and staff not be permitted to impose any form of sanction on the Plaintiff without the Court verifying and investigating staff's actions; (4) order that the Defendants assure that the Plaintiff's mental health be treated; and (5) monitor the Plaintiff to verify his treatment and order he not be transferred without approval from the Court.

This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of Title 28, United States Code, Sections 636(b)(1)(A) and (B), and Local Civil Rules 73.02(B)(2)(c) and (e), D.S.C.  A motion to dismiss and a motion for summary judgment have been filed by the Defendants.  [68; 69]  As these are dispositive motions, this Report and Recommendation is entered for review by the District Court.

## II.  *PRO SE* COMPLAINT

The Plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (*per curiam*); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); *Loe v. Armistead*, 582 F. 2d 1291 (4th Cir. 1978); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied, Leeke v. Gordon*, 439 U.S. 970 (1978).  Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition herein pursuant to the procedural provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, Title I, § 104, 110 Stat. 1214. This review has been conducted in light of the following precedents:  *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995) (*en banc*), *cert. denied*, 516 U.S. 1177 (1996); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

*Pro se* pleadings are held to a less stringent standard than those drafted by attorneys. *Hughes*, 449 U.S. 5 (1980). Even under this less stringent standard, however, the *pro se* complaint nonetheless may be subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented. *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999). Likewise, a court may not construct the plaintiff's legal arguments for him (*Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993)) or "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986). The requirement of liberal construction, however, does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Rice v. National Security Council*, 244 F.Supp. 2d 594, 596 (D.S.C. 2001), *citing Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir.1990). Such is the case with the present complaint.

### III. PROCEDURAL HISTORY

On March 28, 2007, the Plaintiff commenced this action against the Defendants.[1] [1] On April 20, 2007, the Plaintiff filed his amended Complaint. [10] By Order filed on April 25, 2007, the court ordered the case to be brought into proper form by May 18, 2007. [17] Thereafter, the court issued an Order authorizing service of process by the clerk. [26] On May 11, 2007, Plaintiff filed a motion to Amend/Correct the amended complaint to add D. Bowens as a defendant [29]; the motion was granted by the undersigned on May 16, 2007. [30] The Defendants were served, and on July 13, 2007, the Defendants filed a Motion to Dismiss and

---

[1] The Plaintiff has the benefit of the holding in *Houston v. Lack*, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988), should a limitations issue arise in this action. *See* Order filed May 7, 2007. [26]

Return with attached exhibits [68] and a Motion for Summary Judgment, with attached exhibits [69]. The Defendants did not file an answer in this case.

By order of this Court filed on July 16, 2007, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the Plaintiff was advised of the possible consequences if he failed to respond adequately to the motion to dismiss or for summary judgment. [71] On August 7, 2007, the Plaintiff filed his response in opposition to the Defendants' Motion for Summary Judgment. [78]

### IV.  STANDARDS OF REVIEW FOR THE PENDING MOTIONS

#### A.  Defendants' Motion to Dismiss under Rule 12(b)(1)

First, the Defendants argue that the action should be dismissed pursuant to Rule 12(b)(1), because this action is not a *Bivens* action, and the court lacks subject matter jurisdiction over the Plaintiff's claims. The Defendants argue that the "[Plaintiff's] allegations about the individual Defendants relate to actions the Defendants took in their official capacity. [Plaintiff] asserts that the actions or lack of action taken by the Defendants were done in the course of their employment."[2]

A motion to dismiss an action under Rule 12(b)(1) raises the question of the federal court's subject matter jurisdiction over the action. *Sumpter v. United States*, 2007 WL 776113 at *1 (D.S.C. 2007) (RBH). A motion questioning subject matter jurisdiction must be considered before other challenges because the court must find it has jurisdiction before determining the validity of any claims brought before it. *Evans v. B.F. Perkins Company*, 166 F.3d 642, 647 (4th Cir. 1999). "It is the duty of the Court to see to it that its jurisdiction is not exceeded; and this duty, when necessary, the Court should perform on its own motion." *Sumpter*, 2007 WL 776113 at *1, *citing Spence v. Saunders*, 792 F.Supp. 480, 482 (S.D.W.Va. 1992) (citation omitted).

---

[2]     *See* Defendants' Motion to Dismiss [68] at p. 3.

In *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971), the Supreme Court established a direct cause of action under the Constitution of the United States against federal officials for the violation of federal constitutional rights. "*Bivens* is the case establishing, as a general proposition, that victims of a constitutional violation perpetrated by a federal actor may sue the offender for damages in federal court despite the absence of explicit statutory authorization for such suits." *Wright v. Park*, 5 F.3d 586, 589 n. 4, (1st Cir. 1993), which cites, *inter alia, Carlson v. Green*, 446 U.S. 14, 18 (1980) (restating *Bivens* rule).

It is well-settled that, under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), liability is personal, based upon each defendant's own constitutional violations. *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001). As it appears to the court that the Plaintiff has alleged some sort of personal involvement on the part of each Defendant, the court is of the opinion that this action is properly a *Bivens* action.

### B.  Defendants' Motion to Dismiss under Rule 12(b)(6)

A motion to dismiss under Federal Rule of Civil Procedure 12(b) (6) should be granted only if "it appears beyond all doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Ridpath v. Bd. of Governors*, 447 F.3d 292, 317 (4th Cir. 2006), *quoting Trulock v. Freeh*, 275 F.3d 391, 405 (4th Cir. 2001). A court in ruling on such a motion should accept the plaintiff's factual allegations as true and view the complaint in the light most favorable to the plaintiff. *See, e.g., Franks v. Ross*, 313 F.3d 184, 192 (4th Cir. 2002), *quoting Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). Put another way, "[a] Rule 12(b)(6) motion to dismiss should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support its claim and would entitle it to relief." *T.G. Slater & Son, Inc. v. Donald P. & Patricia A. Brennan LLC*, 385 F.3d 836, 841 (4th Cir. 2004)

(internal citations omitted). When a complaint concerning civil rights is at stake, the court must be "especially solicitous of the wrongs alleged." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999), *quoting Harrison v. United States Postal Serv.*, 840 F.2d 1149, 1152 (4th Cir.1988). Therefore, as under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a claim cannot be dismissed under 28 U.S.C. § 1915(e)(2) (B)(ii) unless "it appears to a certainty that the plaintiff would not be entitled to relief under any legal theory which might plausibly be suggested by the facts alleged." *Edwards*, 178 F.3d at 244.[3]

When a motion to dismiss pursuant to Rule 12(b)(6) is accompanied by affidavits, exhibits and other documents, which are considered by the Court, the motion will be construed as a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. *See Pueschel v. United States*, 369 F.3d 345, 353 n.3 (4th Cir. 2004).[4]

### C. Defendants' Motion for Summary Judgment

The Defendants' motion for summary judgment is governed by the holding in *Celotex Corporation v. Catrett*, 477 U.S. 317, 323 (1986):

---

[3] Dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim require the same standard of review as dismissals under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003), *citing DeWalt v. Carter*, 224 F.3d 607, 611-12 (7th Cir. 2000).

[4] In *Pueschel*, the panel stated: "We note that Rule 12(b)(6) does not mandate that a district court treat a motion to dismiss as a motion for summary judgment simply because the moving party includes exhibits with its motion. Rule 12(b)(6) only requires that a motion to dismiss be treated as a motion for summary judgment when the motion to dismiss or exhibits present matters outside the nonmoving party's pleadings and the district court does not exclude such matters. Fed.R.Civ.P. 12(b)(6) (stating that [i]f, on a motion ... to dismiss ... matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56...."); *Harrison v. U.S. Postal Serv.*, 840 F.2d 1149, 1152 n. 7 (4th Cir. 1988) (noting that district court's reliance on exhibits to motion to dismiss did not convert the motion into one for summary judgment because "the facts to which the court so referred were either alleged in the amended complaint or contained in the exhibits thereto"); *Wilson-Cook Medical, Inc. v. Wilson*, 942 F.2d 247, 252 (4th Cir. 1991) (holding that inclusion of supporting memoranda and affidavits did not convert motion to dismiss into motion for summary judgment because the district court did not consider such material).

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation there can be no "genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.

Rule 56 states, as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that: (1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings; rather, he must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id*. at 324. Under this standard, the existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the

summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds*, 490 U.S. 228, 109 S.Ct. 1775, 104 L.Ed.2d 268 (1989). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. When Rule 56(e) has shifted the burden of proof to the non-movant, he must provide existence of every element essential to his action which he bears the burden of adducing at a trial on the merits.

It is important to add that unsupported speculation by a non-moving party is insufficient to defeat a summary judgment motion. *Felty v. Graves-Humphreys Co.*, 818 F. 2d 1126 (4th Cir. 1987). Similarly, genuine disputes of material facts are not demonstrated by the bald statements of a non-moving party in affidavits or depositions. *Stone v. University of Md. Medical Sys. Corp.*, 855 F. 2d 167 (4th Cir. 1988).

## V.  ANALYSIS

### A.  Introduction

As a *pro se* litigant, Plaintiff's Complaint must be construed liberally by this court. Nevertheless, a careful review of all of the pleadings in this case has led this court to recommend, for the reasons set forth below, that this matter be dismissed.

### B.  Whether Plaintiff Has Exhausted His Administrative Remedies

The Prison Litigation Reform Act ("PLRA") codified as amended at 42 U.S.C. § 1997e(a), provides in relevant part, that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are

exhausted." 42 U.S.C. § 1997e(a); *see also Porter v. Nussle*, 534 U.S. 516, 524 (2002) ("Once within the discretion of the district court, exhaustion in cases covered by § 1997e(a) is now mandatory."). It is well established that the requirement "applies to all inmate suits about prison life," whether they involve general circumstances or particular episodes and whether they allege excessive force or some other wrong. *Porter v. Nussle*, 534 U.S. 516, 532, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002); *see also Booth v. Churner*, 532 U.S. 731, 121 S.Ct. 1819, 1820, 149 L.Ed.2d 958 (2001). Justice Ginsberg, writing for a unanimous Court in *Porter*, explained the impact of the amendments to the PRLA as follows:

> All available remedies must now be exhausted; those remedies need not meet federal standards, nor must they be plain, speedy, and effective. Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit. And unlike the previous provision, which encompassed only § 1983 suits, exhaustion is now required for all actions brought with respect to prison conditions, whether under § 1983 or any other federal law. <u>Thus federal prisoners suing under *Bivens v. Six Unknown Federal Narcotics Agents* [citation omitted], must first exhaust inmate grievance procedures just as state prisoners must exhaust administrative processes prior to instituting a § 1983 suit.</u>[5]

A *Bivens* action, like an action under 42 U.S.C. § 1983, is subject to the requirement of exhaustion of administrative remedies. *Porter*, 534 U.S. at 524. Plaintiff's action is one that encompasses "prison life," and therefore his case falls within the rule, articulated in *Porter*, that an inmate's exhaustion of administrative remedies is a prerequisite to filing suit.[6]

The Code of Federal Regulations, at 28 C.F.R. § 542.10 *et seq.*, sets forth the Administrative Remedy Procedure for Inmates, which is the internal grievance procedure that must be used by BOP inmates when lodging a complaint. This administrative remedy process is

---

[5] *Porter v. Nussle*, 534 U.S. 516, 122 S.Ct. 983, 988 (2002) (internal quotations and citations omitted)(emphasis added).

[6] The Supreme Court also held, in *Booth v. Churner*, 523 U.S. 731 (2001), that under Section 1997e(a) a prisoner must exhaust his administrative remedies even when the relief the prisoner seeks (money damages) is not available in the prison grievance proceedings.

applicable to inmates housed at FCI Bennettsville, which is a federal prison under the jurisdiction of the BOP.  The grievance procedure is a multi-step process.  The first step requires the inmate to file a formal written complaint with the Warden of the prison on a Form BP-9.  The inmate's complaint must be filed with the Warden within twenty calendar days from the date of the offending event.  28 C.F.R. § 542.14(a).  If the inmate is not satisfied with the Warden's response, the inmate may appeal (using a Form BP-10) to the Regional Director of the BOP within twenty (20) calendar days of the date the Warden signed the response.  If the inmate remains dissatisfied with the response, thereafter, an inmate may appeal the Regional Office's response to the General Counsel of the Bureau by completing a Form BP-11 within thirty (30) calendar days of the date the Regional Director signed the response.  *See* 28 C.F.R. §§ 542.14 and 542.15.  Appeal to the General Counsel is the final level of agency review.  *See* 28 C.F.R. § 542.15(a).  Thus, a claim has not been administratively exhausted until it has been filed with the General Counsel.

It is well-settled that "[t]he exhaustion requirement under the PLRA has been interpreted to require prisoners to pursue administrative grievances until they receive a final denial of their claim, appealing through all available stages in the administrative process."  *Gibbs v. Bureau of Prison Office*, 986 F.Supp. 941, 943-44 (D.Md. 1997) (dismissing a federal prisoner's lawsuit for failure to exhaust, where the plaintiff did not appeal his administrative claim through all four stages of the BOP grievance process); *see also Booth v. Churner*, 532 U.S. 731, 735 (2001) (affirming the dismissal of a prisoner's claim for failure to exhaust where he "never sought intermediate or full administrative review after prison authority denied relief"); *Thomas v. Woolum*, 337 F.3d 720, 726 (6th Cir.2003) (noting that a prisoner must appeal administrative rulings "to the highest possible administrative level"); *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir.) (a prisoner must follow all administrative steps to meet the exhaustion requirement, but

need not seek judicial review), *cert. denied*, 537 U.S. 949 (2002). Claims that are not exhausted have been procedurally defaulted and cannot be reviewed on the merits. *Crosby v. Warden, Roxbury Correctional Inst.*, 100 Fed.Appx. 343, 2004 WL 2294665 *1 (4th Cir. Oct. 8, 2004) (citation omitted).

A failure to exhaust all levels of administrative review is not "proper exhaustion" and will bar actions filed by inmates under any federal law, including Section 1983. *Woodford v. Ngo*, 548 U.S. —, 126 S.Ct. 2378, 2386, 165 L.Ed.2d 368 (2006). Furthermore, under *Jones v. Bock*, while no unexhausted claim may be considered under the PLRA, a case should not be dismissed in its entirety because it contains unexhausted claims. *Jones*, 127 S.Ct. at 924-25. The Supreme Court has instructed that the unexhausted claims should be dismissed and the rest of the case proceed.

In the present case, Plaintiff has not filed any administrative remedies in regard to the issues he asserts in his Complaint.[7] Thus, it is recommended that Plaintiff's entire action should be dismissed for failure to exhaust administrative remedies.[8]

### **RECOMMENDATION**

Based upon the foregoing, it is recommended that the Plaintiff's complaint should be dismissed without prejudice for failure to exhaust administrative remedies. It also is recommended that ,as follows:

- **Defendants' Motion for Summary Judgment [69] should be granted;**
- **Defendants' Motion to Dismiss [68] is moot;**

---

[7] *See* Exhibit #8 attached to Defendants' Motion to Dismiss [68], Affidavit of Roy Lathrop.

[8] In light of the recent decision of the United States Court of Appeals for the Fourth Circuit in *Green v. Young*, 454 F.3d 405 (4th Cir. 2006) (dismissal under PLRA for failure to exhaust administrative remedies does not count as a "strike" for purposes of the "three strikes" rule), imposition as a "strike" is not appropriate in the above-captioned case.

- **Plaintiff's Motion for Judgment on the Pleadings [48] is moot;**

- **Plaintiff's Motion to Compel [50] is moot;**

- **Plaintiff's Motion to Compel [64] is moot;**

- **Plaintiff's Motion to Request Separate Investigation [sic] Body [65] is moot;**

- **Plaintiff's Motion to Compel [66] is moot;**

- **Defendants' Motion to Stay [70] is moot;**

- **Plaintiff's Motion to Strike [77] is moot; and**

- **Plaintiff's 3rd Motion to Compel [79] is moot.**

-

_____
GEORGE C. KOSKO
UNITED STATES MAGISTRATE JUDGE

August 10, 2007

Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).